**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK SHAKUR, | |
| Plaintiff, | Case No. 2:19-cv-14994 (BRM) (JBC) |
| v. | OPINION |
| NEW JERSEY STATE PRISON MEDICAL DEPARTMENT, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Motions to Dismiss filed by Defendants Robin Miller ("Dr. Miller") and Edith Sanayuba[1] ("Dr. Sanayuba") (collectively, "Defendants") seeking to dismiss Plaintiff Malik Shakur's ("Plaintiff") medical malpractice claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 15 & 29.)[2] Plaintiff filed his Opposition to Defendants' Motion (ECF No. 16 & 31[3]), Defendant Dr. Miller filed a Reply (ECF No. 17), and Defendant Dr. Sanayuba filed a Reply (ECF No. 32). Having reviewed the parties' submissions filed in connection

---

[1] Defendant's name is also spelled Senyumba in certain documents on ECF.

[2] The Motions to Dismiss are identical except for ECF No. 15, which was filed on behalf of Defendant Dr. Miller, and ECF No. 29, which was filed on behalf of Defendant Dr. Senyumba. The Court will address them as one motion.

[3] Plaintiff titles his submission as a motion is opposition, however, the submission is a reply brief to the Defendants' Motion. It appears Plaintiff may be alleging Defendants' Motion should be stricken because the Court ordered Defendants to file an answer to the Complaint and Defendants filed the instant Motion instead. Plaintiff is incorrect. Defendants filed answers to the Complaint prior to the filing of their Motion. (See ECF Nos. 14 & 27.) As such, any cross-motion is denied.

with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motions to Dismiss are **GRANTED**.

I.   **BACKGROUND**[4]

Plaintiff is currently a prisoner at New Jersey State Prison in Trenton, New Jersey. (ECF No. 1.) He filed a complaint in July 2020 alleging Defendants misdiagnosed Plaintiff's stroke. (*See generally id.*)

Plaintiff submits on May 20, 2019, he was seen at "medical" with "shoulder and neck complaints and loss of strength on the right side." (ECF No. 1 at 5.) Plaintiff was prescribed a baby aspirin. (*Id.*) The following day Plaintiff presented at medical again and was admitted until May 23, 2019 due to an unrelated issue. (*Id.* at 5–6.) Plaintiff again presented to medical a week-and-a-half after his May 23, 2019 release regarding his complaints. (*Id.* at 6.) Dr. Miller scheduled Plaintiff for a June 5, 2019 X-Ray, which revealed negative results. (*Id.*) Plaintiff informed medical he believed his complaints were neurological and had nothing to do with skeletal damage. (*Id.*) Plaintiff was then scheduled for an MRI and CT-scan. (*Id.*)

Plaintiff drafted his on June 17, 2019, prior to receiving his MRI or CT-scan, but indicated it was scheduled in the near future. (*Id.*) Plaintiff submits he no longer has "use of [his] right side systems relating to a stroke from the paralysis systems." (*Id.*)

II.   **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all

---

[4] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer

3

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Defendants argue any potential claim of medical malpractice should be dismissed because Plaintiff did not comply with New Jersey law for filing tort claims against public employees. (ECF Nos. 15 & 29.) The Court agrees, dismissing any potential state tort claim of medical malpractice against Defendants Dr. Miller and Dr. Sanayuba.

Under New Jersey law, "[n]o action shall be brought against a public entity or public employee under [the New Jersey Tort Claims Act ("NJTCA")] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J. Stat. Ann. § 59:8-3. The NJTCA requires plaintiffs to file a notice of tort claim with the public entity being sued within ninety days of the incident and to wait for a response before filing a lawsuit. § 59:8-8(a). The notice requirement is "a jurisdictional precondition to filing suit," *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004) (internal quotation marks omitted), and suits that do not comply with the notice provision are "forever barred from recovering against a public entity or public employee." § 59:8-8. *See also Guzman v. City of Perth Amboy*, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986) ("Timely statutory notice is a prerequisite."). However, a plaintiff may be permitted to file a late notice of tort claim by making a motion to the court that is "supported by affidavits based upon personal knowledge of the affiant

showing sufficient reasons constituting extraordinary circumstances for his failure to file" a timely notice of tort claim within a year of the incident. § 59:8-9.

Plaintiff's response to the motion to dismiss argues he was not required to file the notice of claim because he did not bring the claim in New Jersey State Court. (*See* ECF No. 16.) Plaintiff subsequently filed a notice of tort claim regarding Defendant Dr. Miller on February 16, 2021 (ECF No. 21), and a notice of tort claim regarding Defendant Dr. Sanayuba on May 28, 2021 (ECF No. 30). Within the recently filed notices, Plaintiff indicates that he is filing late notices and appears to request the Court use its discretion to accept the late notices. (*See* ECF Nos. 21 & 30.)

N.J. Stat. Ann. § 59:8-9 establishes an exception to the requirement that a claimant file a Notice of Claim within ninety days from the date of accrual. Section 59:8-9 "allows a court to extend the notice period up to one year if the public entity or employee would not be 'substantially prejudiced' by the delay and the claimant shows 'extraordinary circumstances for his failure to file notice' within the proper time period." *Rolax v. Whitman*, 53 F. App'x 635, 638 (3d Cir. 2002) (citing N.J. Stat. Ann. § 59:8-9). "After the one-year limitation has passed, 'the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail.'" *Pilonero v. Twp. of Old Bridge*, 566 A.2d 546, 548 (N.J. Super. Ct. App. Div. 1989) (quoting *Speer v. Armstrong*, 402 A.2d 963, 965 (N.J. Super. Ct. App. Div. 1979)). Even giving *pro se* Plaintiff the benefit of the last possible claim accrual date for argument's sake only, he signed his complaint with the Court on June 25, 2019. (*See* ECF No. 1 at 7.) Plaintiff did not file the first notice of claim until February 2021, well after the one-year time period in which Plaintiff could have motioned to file a late notice expired. The Plaintiff moved for leave to file a late notice of tort claim after the one-year period expired. (*Id.*) Thus, any medical malpractice

5

claim that could be construed against Defendants Dr. Miller and Dr. Sanayuba are dismissed with prejudice as time barred by the NJTCA. *See* §§ 59:8-3, -8.

## IV. CONCLUSION

Based on the foregoing, Defendants Dr. Miller's and Dr. Sanayuba's Motions to Dismiss (ECF Nos. 15 & 29) are **GRANTED**, and any construed medical malpractice tort claim is **DISMISSED WITH PREJUDICE**. Plaintiff's Eighth Amendment denial of medical care claim against Defendants Dr. Miller and Dr. Sanayuba remain.

An appropriate order accompanies this Opinion.


Date: August 31, 2021                                */s/ Brian R. Martinotti*
                                                     **HON. BRIAN R. MARTINOTTI**
                                                     **UNITED STATES DISTRICT JUDGE**