UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK SHAKUR,<br><br>      Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PRISON MEDICAL DEPT., et al.,<br><br>      Defendants. | Civil Action No. 19-14994 (BRM)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Malik Shakur for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 35. Defendants Dr. Miller and Dr. Sanayuba oppose Plaintiff's motion. *See* Dkt. No. 36. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 35] is **DENIED**.

Plaintiff is currently a prisoner at New Jersey State Prison in Trenton, New Jersey, and his claims in this matter arise from allegations that he suffered a stroke which was misdiagnosed. *See* Dkt. No. 1, Complaint. According to Plaintiff, on May 20, 2019, he was seen at "medical" with complaints of neck and shoulder pain and a loss of strength on his right side and was prescribed a baby aspirin. Complaint at p. 5. On May 21, 2019, Plaintiff went "down to medical with great difficulties" and was admitted through May 23, 2019 for an "unrelated issue." *Id.* at p. 6. Approximately a week and a half later, Plaintiff again complained to medical regarding his neck and shoulder pain and loss of strength, and an X-Ray was conducted on June 5, 2019 which revealed "negative results." *Id.* Plaintiff was then scheduled for an MRI and a CT Scan, which had not yet taken place at the time Plaintiff filed his Complaint on June 25, 2019. *Id.* Plaintiff claims that he in fact suffered a stroke which was misdiagnosed by the doctors who treated him, Defendants Dr. Miller and Dr. Sanayuba. *Id.*

1

Plaintiff's Complaint and an application to proceed *in forma pauperis* were received by the Court on July 10, 2019. Plaintiff's application to proceed *in forma pauperis* was granted on August 19, 2019. *See* Dkt. No. 2. Thereafter, Dr. Miller and Dr. Sanayuba filed motions to dismiss Plaintiff's medical malpractice claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 15, 29. The Court granted the motions to dismiss and dismissed Plaintiff's medical malpractice claims as time barred under the New Jersey Tort Claims Act. *See* Dkt. No. 33.

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because

volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's remaining claims have been allowed to proceed. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's surviving claims have at least some merit. However, regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

The Court now turns to the factors set forth in *Tabron*. Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint and an application to proceed *in forma pauperis*, opposed Defendants' motions to dismiss, filed the present Motion for the appointment of *pro bono* counsel and submitted a discovery plan. These filings themselves demonstrate that Plaintiff is capable of presenting his case. While Plaintiff argues that he lacks understanding of the law and has limited access to the law library, his filings demonstrate an ability to present his case.

Plaintiff provides no argument regarding the complexity of his case under the second *Tabron* factor. In the absence of any such argument, and it appearing to the Court that the legal issues present in this matter do not appear to be particularly complicated, the Court finds that the second factor weighs against Plaintiff.

Plaintiff has also failed to provide any information or argument relevant under the third, fourth and fifth *Tabron* factors. Plaintiff has not provided any explanation of any factual investigations he believes to be necessary to prosecute his case or why he is unable to pursue such investigations on his own. Additionally, because the parties are still engaged in the written discovery process, it is premature to consider expert testimony and the likelihood the case will turn on credibility determinations. Accordingly, the Court finds that the third, fourth and fifth factors weigh against Plaintiff.

Turning to the sixth factor, while Plaintiff appears unable to retain his own counsel, and thus the final factor weighs slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **31st day of March, 2022,**

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 35] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**